**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

UNITED STATES of AMERICA                         PLAINTIFF/RESPONDENT


V.                              No.  15-CV-02049
                                No.  13-CR-20035


THOMAS HAROLD MORGAN                         DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. Section 2255 (ECF No. 34) filed March 16, 2015.  The United States of

America filed a Response (ECF No. 43) on April 15, 2015.  The Petitioner has not filed a Reply

and the matter is ready for Report and Recommendation.

### I.  Background

On June 5, 2013, Thomas Harold Morgan was named in a six-count Indictment filed in

the United States District Court for the Western District of Arkansas. (ECF No. 1). Counts One

through Five charged Morgan with receiving child pornography while Count Six charged

Morgan with possessing a computer containing images of child pornography.

On June 25, 2013, Morgan appeared for arraignment with counsel before the Honorable

James R. Marschewski and entered a not guilty plea as to each count. (ECF No. 5).

On August 5, 2013, the Court entered an Order, pursuant to 18 U.S.C. §§ 4241(a)-(b) and

4247(b), that Morgan undergo a psychological examination. (ECF No. 16). After reviewing the

psychological evaluation report and the record as a whole, the Court found there was no

reasonable cause to believe Morgan was presently suffering from a mental disease or defect

Page -1-

rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and found a competency hearing was not necessary or required. (ECF No. 19).

On October 28, 2013, Morgan appeared with counsel, James Pierce, before the Honorable P. K. Holmes, III, for a change of plea hearing. (ECF No. 20). After confirming that Morgan was entering the Plea Agreement voluntarily, knowingly, and intelligently, the Court informed him of his rights, the maximum and minimum possible penalties, read him the Indictment, and stated the substance of the charge. (Change of Plea Hearing Tr., pp. 3 – 11). After agreeing the United States could prove the essential elements of the charge against him, Morgan entered a plea of guilty to count one, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). (Change of Plea Tr., pp. 11 – 12). The Court then accepted Morgan's plea and ordered a Presentence Investigation Report ("PSR").

On January 29, 2014, the Probation Office issued Morgan's Final PSR. Neither the United States nor Morgan offered objections. (PSR Add.). The PSR assessed a base offense level of 22 pursuant to U.S.S.G. § 2G2.2(a)(2). (PSR, ¶ 44). Morgan's bases offense level was increased 15 levels pursuant to various specific offense characteristics. (PSR, ¶¶ 45 – 49). After receiving a 3-point reduction for acceptance of responsibility, Morgan's total offense level was found to be 34. (PSR, ¶¶ 55 – 57). Morgan's criminal history score amounted to zero placing him in category I. (PSR, ¶ 63). Morgan's resulting advisory guideline range was 151 to 188 months imprisonment. (PSR, ¶ 87).

On March 13, 2014, Morgan appeared for sentencing. (ECF No. 30). The Court sentenced Morgan to 87 months imprisonment, 10 years supervised release, and a special assessment of

$100. (ECF No. 32). Morgan's sentence was based on the Court's determination that the guideline range was greater than necessary to comply with the purposes of the § 3553(a) factors and was sufficient when considering the nature and circumstances of the offense and Morgan's history and characteristics. (ECF No. 33). The Court further felt the enhancements should not have applied. (ECF No. 33).

On March 16, 2015, Morgan filed the instant Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody contending that his attorney was ineffective and that he was intimidated into pleading guilty. (ECF No. 34)

## II.  Discussion

### A.  Ineffective Assistance of Counsel

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth

Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted).

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*,

179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

The Petitioner seems to claim that his counsel was ineffective "for not fully investigating his claim prior to October 19th, 2012, that Counsel should have obtained a forensic expert as requested" (ECF No. 34, -14) because a forensic expert would have been able to show that the "files containing child pornography did not exist on Movant's computer prior to June 20, 2012." (Id.)

Counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Whitmore v. Lockhart*, 8 F.3d 614, 618-19 (8th Cir.1993) (*quoting Strickland*, 466 U.S. at 691). As averred by petitioner's counsel in his attached affidavit, counsel discussed with Morgan about hiring a forensic expert on several occasions. (ECF No. 43-1). However, according to counsel, Morgan did not feel that counsel would be able to find an expert skilled enough to figure out all the "secret and clandestine" ways the Fort Smith Police or other government agencies used in picking him out to plant child pornography onto his computer. (Id.). Additionally, counsel avers he had the Federal Public Defender's computer analysts and Wayne Marney[1] review the final case summary and forensic examination report prepared by Alvey Matlock of the Fort Smith Police Department and, after

---

[1]Wayne Marney is a computer forensic examiner. His business is called Forensic Defense. The website is http://www.forensicdefense.com/index.php?d=wm.  ECF No. 43-1

that review, determined there was no basis to obtain a forensic expert to challenge the report.

(Id.)  Despite this conclusion, according to counsel, he specifically and directly asked Morgan if

he wanted the Public Defender's Office to obtain an expert and Morgan informed him again that

he did not believe anyone could help him, that no one was qualified enough to decipher the

government's planting of child pornography on his computer. (Id.).

Moreover, where a petitioner alleges ineffective assistance of counsel based on his

counsel's failure to consult and call an expert at trial, we require "'evidence of what a scientific

expert would have stated' at trial in order to establish Strickland prejudice." *Rodela-Aguilar,* 596

F.3d at 462. See Hill, 474 U.S. at 59 (explaining that "[i]n many guilty plea cases, the 'prejudice'

inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance

challenges to convictions obtained through a trial" and "will depend in large part on a prediction

whether the evidence likely would have changed the outcome of trial").  *U.S. v. Frausto* 754 F.

3d 640, 2014.

In this instance the experts consulted by the Petitioner's attorney could not find any error

in the government's computer forensic report and the contention by the Petitioner that a forensic

expert could have determined that the images were placed on his computer at a different time is

conclusory.  Vague and conclusory allegations are not sufficient to state a ground for relief under

28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also  Smith v.

United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any

specifics, are subject to summary dismissal). "The subsequent presentation of conclusory

allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*,

431 U.S. 63, 74 (1977); *Voytik v.United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also

*Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

It is clear that the Petitioner's attorney did a very competent investigation of the case by soliciting both in house and external expert analysis of the government's computer report and came to the conclusion that "there was no basis to obtain a forensic expert to challenge the report." (ECF 43-1, p. 2). At the time of the plea, evidently the Petitioner agreed with this evaluation. (Id.).

Also, at the time of his plea, the Petitioner acknowledged that he had "fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the defendant is pleading guilty. The defendant has committed each of the elements of the crime(s) to which the defendant is pleading guilty, and admits that there is a factual basis for this guilty plea." ECF No. 21, ¶ 3. An accused's representations during plea-taking carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

The court finds the claim of Ineffective Assistance of Counsel to be without merit.

**B.  Voluntary Plea**

The Petitioner seems to argue that his plea was not voluntary and that he would not have accepted the government's plea offer "had he not believed his family to be in danger." (ECF No. 34, p. 14). The Petitioner contends that he was notified on October 17, 2012 of the death of his cousin-in-law, Dr. Brent Oldham, who died on October 14, 2012. (ECF No. 34, p. 16). The Petitioner acknowledges that he was notified by Dr. Oldham's widow that Dr. Oldham's death was "self-inflicted and was likely the result of chronic depression combined with body

dysmorphia."[2] Id., p. 17.  The Petitioner contends that his cousin-in-law was murdered by the Fort Smith Police Department in an effort to force him to accept a plea. (ECF No. 34, ¶ 8).

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999).  A guilty plea operates as a break in the chain of events of the criminal process. *Tollett,* 411 U.S.258 at 267 (1973).  Once a criminal defendant solemnly professes his guilt before the Court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Only the voluntary and intelligent character of the guilty plea may be attacked. Id.; *see Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) (the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea).

The Petitioner executed a Plea Agreement on October 18, 2012 and in the Agreement he acknowledged that he "entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or

---

[2]Body dysmorphic disorder is a type of chronic mental illness in which you can't stop thinking about a flaw in your appearance — a flaw that is either minor or imagined. But to you, your appearance seems so shameful that you don't want to be seen by anyone.

When you have body dysmorphic disorder, you intensely obsess over your appearance and body image, often for many hours a day. Your perceived flaw causes you significant distress, and your obsession impacts your ability to function in your daily life. You may seek out numerous cosmetic procedures or excessively exercise to try to "fix" your perceived flaw, but you're never satisfied. Body dysmorphic disorder is also known as dysmorphophobia, the fear of having a deformity.

Treatment of body dysmorphic disorder may include medication and cognitive behavioral therapy.  See www.mayoclinic.org

coercion directed at the defendant or anyone connected with the defendant." (ECF No. 21, ¶ 31). The Petitioner's representations to the court that his plea was voluntarily made carries great weight and his refusal to offer any reservations during the plea hearing is even stronger. During the plea hearing the Petitioner acknowledged that he was satisfied with the services of his attorney and had adequate time to discuss his case with his attorney. (ECF No. 39, p. 4).  The Petitioner also specifically acknowledged to the court that he had read and understood the plea agreement and that no one had attempted to force him to plea guilty. (Id., p. 5).  An accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

Besides containing a strong presumption of veracity the Petitioner's claim that the Fort Smith Police Department murdered a distant family member in order to coerce the Petitioner into accepting a plea is completely unsubstantiated and borders on the absurd. There is no evidence that the death of Dr. Oldham was ever classified as a homicide and the Petitioner's own affidavit recites that Dr. Oldham's wife considered his death to be  "self-inflicted and was likely the result of chronic depression combined with body dysmorphia." Id., p. 17.  The Petitioner has not provided any police report to substantiate his claim that Dr. Oldham was murdered much less that some unnamed individuals in the Ft. Smith police department murdered  him.

The Petitioner did file an Affidavit, which was not notarized, which was provided by his mother and alleged that an unnamed detective investigating Brent's death believed that his death was not an accident and that Vanessa (Brent's wife) should "get a gun and learn how to use it." (Exhibit 1).  The police officer remains unnamed and there is no evidence that Dr. Oldham's death was ever ruled a homicide.  Even accepting that an investigating officer made such a

statement to Dr. Oldham's wife that cannot be construed as having any connection with the Fort Smith Police Department or any effort to coerce a plea from the Petitioner.

See *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010); *Tran v. Lockhart*, 849 F.2d 1064, 1067 (8th Cir. 1988) (explaining that a petitioner must provide the court "with the type of specific facts which would allow . . . . an intelligent assessment of the likelihood that [a petitioner] would not have pleaded guilty"). The Petitioner's claims that the Fort Smith Police Department murdered Dr. Oldham in order to persuade him to accept a plea a guilty are conclusory at best.

Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also  Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v.United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

## C.  Evidentiary Hearing

A section 2255 petition can be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). *Evans v. U.S.*  200 F.3d 549, 551 (C.A.8 (Iowa),2000).  Because the Petitioner's claims are

contradicted by the record and are inherently incredible, or conclusory no evidentiary hearing is required.

## D. Certificate of Appealability:

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case, as demonstrated above, Petitioner has not made a substantial showing of the denial of a constitutional right.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

The Petitioner has also filed a Motion for Appointment of Counsel **(ECF No. 41)** and a Motion for Leave to Pursue Discovery **(ECF No. 44)**.  For the reasons stated above I recommend that these Motions be **DENIED**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

DATED  June 9, 2015.


*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE